## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CONNIE S. MOLLOHAN,**
**Claimant Below, Petitioner**

**FILED**

June 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0622** (BOR Appeal No. 2050116)
(Claim No. 2014023888)

**ECOLAB (MARTINSBURG),**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Connie S. Mollohan, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ecolab (Martinsburg), by James S. Maloney, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 28, 2015, in which the Board reversed a December 12, 2014, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's decision. In its Order, the Office of Judges reversed the claims administrator's February 17, 2014, decision to deny the claim and held the claim compensable for post-traumatic stress disorder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Mollohan, a worker at Ecolab (Martinsburg), was assisting other workers in mixing acetic acid on January 31, 2014, when a fire broke out. No one was physically injured but the sight of the incident allegedly caused Ms. Mollohan mental distress. An article in Ecolab's newsletter indicated that a significant process safety event occurred at the Ecolab Martinsburg plant that involved a fire in the outdoor containment area of an acid storage tank. The article said

1

that the event occurred when acid was released after a pressure gauge fitting failed catastrophically and was ignited by a kerosene space heater that was being used to keep the acid from freezing. The fire damaged the tank to the point that it failed and began releasing the acid into the tank dike. The plant was evacuated and authorities responded, including a hazardous materials team. The police evacuated a nearby neighborhood, and the fire department put out the fire. There were no physical injuries associated with the event and no release of acid into the environment.

From February 7, 2014, through August 15, 2014, Ms. Mollohan was treated by Tracy Carter, M.S. Ms. Mollohan reported that she panicked and saw her life flash before her eyes when the accident occurred. She called on the radio to get everyone out of the building due to the eminent danger to all the employees. Ms. Mollohan also called the fire department. Ms. Mollohan stated that for several days after the fire her attempts to work failed because she shook uncontrollably, vomited, and felt ill. She reported she has recurrent visions in her mind of the flames. She also noted that she could not concentrate because of anxiety and problems sleeping. She was diagnosed with post-traumatic stress disorder and was treated with eye movement desensitization and reprocessing therapy. Ms. Mollohan was seen weekly and reported that she continued to try to return to work but could not due to her physical symptoms. It was noted Ms. Mollohan saw a psychiatrist and was placed on 100 milligrams of Zoloft. The claims administrator denied the claim on February 17, 2014.

From April 8, 2014, through July 9, 2014, a psychiatric evaluation and progress notes were authored by Jamal Fawaz, M.D. Dr. Fawaz noted a history of anxiety, panic attacks, depressed mood, difficulty sleeping, and poor concentration that began after a fire at work. Ms. Mollohan felt that her mood was not improving and stated that she wanted to start medication for anxiety and possible post-traumatic stress disorder. She denied any previous psychiatric treatment. Her family history was significant for panic attacks. She stated that her sister was on disability for panic attacks and cannot drive. Dr. Fawaz diagnosed anxiety disorder and placed Ms. Mollohan on medications.

From July 16, 2014, through August 28, 2014, records show that Ms. Mollohan was treated by Sandra Kaye, MA, NBCC, a licensed professional counselor. She reported that she was frustrated and angry as she wanted to return to work. She felt that the trauma of the fire made her life stagnant for months. Ms. Mollohan reported that there was careless neglect by the plant in allowing employees to place flammable blankets around the tank. She said that no one acknowledged this carelessness. She reported that the last time she tried returning to work, she vomited on the way and could not breathe. Her treatment consisted of guided relaxation, tapping, and hypnotherapy.

On July 31, 2014, Ms. Mollohan authored interrogatories which indicated that she was responsible for mixing the chemical Glacial. She reiterated her story that they were unloading the chemical when she saw that one side of the tank was consumed in flames. She said that at that time, she saw her life flash before her eyes because she thought that the tank was going to explode. She said that her knees got weak and began to buckle, and she thought she was going to fall down. She called her manager, Rebecca, on the radio and told her to evacuate the building

because the Glacial tank was on fire. Ms. Mollohan stated that she was approached approximately an hour later by Rebecca to make a statement. Ms. Mollohan noted that she scheduled a vacation day on Monday, February 3, 2014, and returned to work on Tuesday morning. When she reached the mix station, she began to feel nauseated and unable to breathe. She ran to the women's locker room and vomited. When she was able, she reported this to her manager, Rebecca. She left because she felt sick. She returned to work the next day and when approaching the production room she started feeling very nauseated and unable to breathe. She again went to the restroom and vomited. Afterwards, she went to Rebecca's office and told her that she thought she should speak to someone. Ms. Mollohan stated that on Thursday, when she tried to go to work, she had to pull off to the side of the road to vomit.

In a hearing before the Office of Judges on September 19, 2014, Ms. Mollohan testified about the fire and the effects it had on her. Her account mirrored what was previously told to doctors and filled out on her interrogatories. On cross-examination Ms. Mollohan testified that she was not physically injured as a result of the work-related incident on January 31, 2014. She asserted that she was not like she used to be, and her partner and friends had noticed a change in her. She testified that she had no prior treatment with a psychologist, psychiatrist, or therapist of any kind.

The Office of Judges reversed the claims administrator's decision and determined that her post-traumatic stress disorder was received in the course of and as a result of her employment. The Office of Judges noted that Ms. Mollohan did not have any pre-existing psychiatric conditions. It found that her testimony that she was terrified by the incident and suffered physical symptoms was persuasive. The Office of Judges concluded that she had post-traumatic stress disorder because the medical records indicated that she suffered from the condition, including the employer's physician, Dr. Oglesby. The Office of Judges then found that, as a general principle, a claimant is precluded from workers' compensation benefits for a mental injury with no physical cause based on the precedent in *Bias v. Eastern Associated Coal Corp.,* 220 W.Va. 190, 640 S.E.2d 540 (2006). However, the Office of Judges distinguished the case at bar by using the precedent set forth in *United Parcel Service, Inc. v. Hannah,* No. 11-1527 (Oct. 25, 2013) (memorandum decision). In *Hannah*, the Court noted that Mr. Hannah, a UPS driver, was physically detained by a gunman and was assaulted by the sound of gunfire. He was also stripped of his keys by the gunman. The Court noted that the Board of Review found a physical component to the incident and concluded that he had received a personal injury. The Court also noted that following the incident, Mr. Hannah experienced multiple symptoms of post-traumatic stress disorder including sleep disturbances, nightmares, and depression. The Court held that Mr. Hannah's claim for post-traumatic stress disorder was not barred by West Virginia Code § 23-4-1f (1993) because his "condition was manifested by demonstrable physical symptoms, including sleep disturbances and jumpiness." The Office of Judges in the instant case reasoned that while the precipitating incident in *Hannah* arguably had more physical elements than the present case, Ms. Mollohan clearly has physical manifestations of her mental injury that are quite similar to those of Mr. Hannah. The Office of Judges found in the present case that Ms. Mollohan has suffered sleep disturbances, depressed mood, and poor concentration stemming from her post-traumatic stress disorder. The Office of Judges reasoned that her symptoms were perhaps even more drastic than in Mr. Hannah's situation because she became physically ill and vomited when

3

she attempted to return to work. Thus, the Office of Judges concluded that the claim was compensable for post-traumatic stress disorder.

The Board of Review adopted the findings of the Office of Judges and reversed its Order on May 28, 2015. The Board of Review found that Ms. Mollohan's injury was not caused by a physical means. She was not injured and was not even in the same building when the fire occurred. She only witnessed some flames. She also admitted in the hearing before the Office of Judges that she had no physical injuries. The Board of Review found that this occurrence fell directly into the category of claims prohibited by West Virginia Code § 23-4-1f.

After review, we agree with the Board of Review. Ms. Mollohan failed to show a physical means sufficient enough to overcome the mandate in West Virginia Code § 23-4-1f. For that reason the Board of Review was not in error for reinstating the decision of the claims administrator.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II